UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE/OPELOUSAS DIVISION

| | |
|---|---|
| CLARRICA COLAR<br>ON BEHALF OF T.C. | CIVIL ACTION NO. 09-608 |
| VERSUS | JUDGE MELANCON |
| MICHAEL ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY | MAGISTRATE JUDGE HANNA |

*REPORT AND RECOMMENDATION*

Before the court is an appeal of the Commissioner's finding of non-disability.

Considering the administrative record, the briefs of the parties, and the applicable law, it

is recommended that the Commissioner's decision be **AFFIRMED** and the case

**DISMISSED**.

*Background and the Commissioner's Findings*

Claricca Colar protectively filed an application for child's supplemental security

benefits on behalf of her minor son T.C. on June 1, 2007, alleging a disability onset date

of October 1, 2006 due to attention deficit hyperactivity disorder (ADHD).  (R 66, 73).

T.C. was born on July 27, 2002.  (R 66, 69).  He was four years old on the date of the

application and six years old on the date of hearing before the ALJ on September 11,

2008, and the Decision on November 18, 2008.  (R 20, 25, 19).

In the Decision, the ALJ found T.C. had severe impairments of attention disorder

hyperactivity disorder (ADHD) and expressive language disorder - provisional.  (R 12).

The ALJ found these severe impairments separately or in combination did not meet or medically equal any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix I, nor was any impairment or combination of impairments functionally equivalent to any listed impairment. (R 12).  Specifically, the ALJ found T.C. had marked limitation in acquiring and using information; less than marked limitation in attending and completing tasks, in interacting and relating with others, in the ability to care for himself, and in health and physical well-being; and no limitation in moving about and manipulating objects.  (R 14-18).  Therefore, the ALJ found T.C. had not been disabled as defined in the Social Security Act at any time from June 1, 2007, the date of the application, through the date of the Decision on November 18, 2008.  (R 19).  This appeal followed.

### *Assignment of Errors*

The sole error alleged by claimant is that the ALJ erred in finding claimant's ADHD effectively controlled by medication; particularly, claimant argues the medication was unable to control the symptoms of ADHD for a continuous 12 month period and therefore claimant is disabled.

### *Standard of Review*

The court's review is restricted under 42 U.S.C. §405(g) to two inquiries: (1) whether the Commissioner's decision is supported by substantial evidence in the record; and (2) whether the decision comports with relevant legal standards.  Carey v. Apfel, 230 F.3d 131, 136 (5th Cir. 2000); Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir.1992);

Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994).  Substantial evidence is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

Carey, 230 F.3d at 136; Anthony, 954 F.2d at 292; Carrier v. Sullivan, 944 F.2d 243, 245

(5th Cir. 1991).  The court may not reweigh the evidence in the record, nor substitute its

judgment for that of the Commissioner, even if the preponderance of the evidence does

not support the Commissioner's conclusion.  Carey, 230 F.3d at 136; Johnson v. Bowen ,

864 F.2d 340, 343 (5th Cir.1988).  A finding of no substantial evidence is appropriate

only if no credible evidentiary choices or medical findings exist to support the decision.

Johnson, 864 F.2d at 343.

### *Childhood Disability Benefits*

An individual under age 18 may be found disabled "if that individual has a

medically determinable physical or mental impairment, which results in marked and

severe functional limitations, and which can be expected to result in death or which has

lasted or can be expected to last for a continuous period of not less than 12 months."  42

U.S.C. §1382c(a)(3)(C)(i).

The regulations provide a three-step sequential evaluation process for determining

whether a child's impairments result in "marked and severe limitations."  First, if the

child is engaging in "substantial gainful activity," the child will be found not disabled

regardless of medical condition or age, education, or work experience.  20 C.F.R.

§416.924(b).  Second, the child must have a severe impairment or impairments.  If the

child suffers from a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations, the child will be considered to have no severe impairment, and therefore to be not disabled.  Title 20 C.F.R. §416.924(c). Third, the child will be considered disabled if his or her impairment(s) meet, medically equal, or functionally equal in severity a listed impairment in Appendix 1 of Subpart P of Part 404 of the chapter.  If a child's impairments do not meet or medically equal a listed impairment, the Commissioner will assess all functional limitations caused by the child's impairments to determine whether the functional limitations are disabling.  20 C.F.R. §§ 416.926a (functional equivalence for children).  *See*, *e.g.*, Richardson ex rel. C.R. v. Barnhart, 338 F.Supp.2d 749, 752 (S.D. Tex. 2004).

Whether a child's impairment meets "listing-level severity" is dependent on whether the child has marked limitations in two broad areas of development or functioning or extreme limitation in one of those areas. See 20 C.F.R. § 416.926a(d).  The broad areas of functioning are called "domains" and are as follows: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. See 20 C.F.R. § 416.926a(b)(1).

### *Discussion*

A review of the administrative record shows as of November 15, 2006, T.C. was not receiving special education services.  (R 97).  A psychological evaluation on

December 20, 2006, by Mark Daniel Fruge, Ph.D., Licensed Psychologist, reported fairly

significant ADHD and issued the following diagnoses:

| | |
|---|---|
| AXIS I | Attention-Deficit/Hyperactivity Disorder - Combined Type |
| | Expressive Language Disorder - Provisional |
| AXIS II | No Diagnosis |
| AXIS III | No Medical Problems Reported |
| AXIS IV | Problems with Primary Support Group |
| AXIS V | GAF = 70 (Current - With Medication) |

(R 102).

Dr. Fruge reported a history of documentation by school personnel of significantly

oppositional defiant and aggressive behavior at school, but marked improvement when

his morning medication was given.  (R 98).  T.C.'s mother reported both to Dr. Fruge and

testified at the hearing before the ALJ that as long as T.C.'s medication was given to him,

his ADHD was manageable and he was "all right."  (R 99, 28).  She reported she was the

person responsible for him taking his medication.  (R 36).  At the hearing, she reported

she gave him his medication every day.  (R 36).  However, several school notes in the

record show his medication was not given every morning and on those days he was

"restless and violent."  (R 108, 109).  Dr. Fruge noted in his report that "[T.C.]'s mother

should be encouraged to continue to work closely with her pediatrician in the medical

management of this."  (R 101).

At the time of Dr. Fruge's evaluation, T.C. was taking Focalin to manage his

ADHD.  (R 98).  At the time of the hearing, the medication had been changed to

Adderall.  (R 33).  T.C.'s mother testified that the Adderall works "so far" and "[i]t's

5

been working for a while." (R 33).

A treatable condition which a claimant declines or refuses to treat is not disabling. See Johnson v. Bowen, 894 F.2d 683, 685 n. 4 (5th Cir.1988)(an individual who fails to follow prescribed treatment will not be found disabled); 20 C.F.R. §§ 404.1530, 416.930; see also Epps v. Harris, 624 F.2d 1267, 1270 (5th Cir.1980)(conditions controlled or controllable by treatment are not disabling).

The undersigned finds substantial evidence in the record exists to support the ALJ's finding that, with medication, T.C.'s impairments, particularly his ADHD, caused a marked limitation only in acquiring and using information and caused only less than marked or no limitations in the other domains.   Therefore, the undersigned finds T.C.'s functional limitations are not disabling, no matter their duration.

In any case, claimant misunderstands the duration requirement.  The relevant statutory language is as follows:

> An individual under age 18 may be found disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

42 U.S.C. §1382c(a)(3)(C)(i).

The claimant has the burden to prove disability under the first four steps of the disability analysis, not the Commissioner. See  Myers v. Apfel, 238 F.3d 617, 619 (5th Cir. 2001).  Therefore, claimant's argument that the ALJ erred in failing to find the

6

medication was effective in controlling T.C.'s impairments for a continuous 12 month period is without merit.

*Conclusion and Recommendation*

For the reasons given above,

**IT IS THE RECOMMENDATION** of the undersigned that the decision of the Commissioner be **AFFIRMED** and the case **DISMISSED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon**

**grounds of plain error.  See Douglass v. United Services Automobile Association, 79**

**F.3d 1415 (5th Cir.  1996).**

Signed in Lafayette, Louisiana, this 6th day of January, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)